UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WALTER FERDINAND FORBES,<br>    Plaintiff,<br>v.<br><br>MICHAEL RAND and MELVIN HARDMAN,<br>    Defendants.<br>_____/ | Case No. 23-13131<br><br>F. Kay Behm<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### REPORT AND RECOMMENDATION FOR RULE 4(m) DISMISSAL OF <u>DEFENDANT HARDMAN</u>

**I.  Background**

Plaintiff Walter Forbes filed this civil rights lawsuit on December 8, 2023, naming two defendants. (ECF No. 1). This case was referred to the undersigned to conduct all pretrial matters. (ECF No. 6). On March 12, 2024, the Court granted Plaintiff's motion to extend the time to serve the defendants, giving him an additional 90 days. (ECF No. 8). On June 14, 2024, counsel appeared on behalf of Defendant Michael Rand. Defendant Melvin Hardman had not yet appeared and there was no indication on the docket that Hardman had been served. On June 18, 2024, the Court ordered Plaintiff to show cause why Hardman should not be dismissed without prejudice for failure to timely serve him under Federal Rule of Civil Procedure 4(m). (ECF No. 12). Plaintiff then moved again for an extension

of time to serve Hardman, asking for another 90 days. The Court granted that motion in part, giving Plaintiff an additional 60 days to serve Hardman, until September 6, 2024. In support of the limited extension, the Court noted that Plaintiff has known since he filed this lawsuit in December 2023 that he would have to serve Hardman, and that it should not take an additional 90 days to complete that task. (ECF No. 14). The Court warned Plaintiff that if he could not locate and serve Hardman by the new deadline, the undersigned will issue a report and recommendation to dismiss Hardman without prejudice under Rule 4(m) for failure to timely serve him.

To date, there is no indication that Plaintiff served or attempted to serve Hardman, and his 60 days to do so have passed.

**III.   Discussion**

As explained in prior orders, Federal Rule of Civil Procedure 4(m) states that if a defendant is not served within 90 days after the complaint is filed, the Court must dismiss the action without prejudice against that defendant after giving notice to the plaintiff. If the plaintiff shows good cause for the failure to timely serve the defendant, the Court must extend the time for service.

The Court gave Plaintiff ample notice that Hardman could be dismissed without prejudice if he failed to serve Hardman within the extended time allowed. Plaintiff has not shown cause for a third extension of time to serve Hardman.

Therefore, the undersigned recommends that Hardman be dismissed without prejudice for failure to effect service on him.

## III. Recommendation

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant Melvin Hardman be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 4(m).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 18, 2024.  

s/Curtis Ivy, Jr.  
Curtis Ivy, Jr.  
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on September 18, 2024.

s/Sara Krause  
Case Manager  
(810) 341-7850