UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WALTER F. FORBES,<br>                    Plaintiff,<br>v.<br><br>MICHAEL RAND and MELVIN<br>HARDMAN,<br>                    Defendants.<br>_____/ | Case No. 23-13131<br><br>F. Kay Behm<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER RESCINDING REPORT AND RECOMMENDATION (ECF No. 15) AND GRANTING MOTION TO EXTEND (ECF No. 22)**

When Plaintiff filed this lawsuit, he was not represented by counsel. The Court gave him two extensions of time to serve Defendant Melvin Hardman. (ECF Nos. 8, 14). In the last Order granting an extension, the undersigned warned that if Hardman was not served by September 8, 2024, the undersigned would recommend that Hardman be dismissed without prejudice for failure to timely serve him under Fed. R. Civ. P. 4(m). (ECF No. 14). Hardman was not served, so the undersigned issued that report and recommendation. (ECF No. 15).

Plaintiff now has counsel. Counsel has learned two things about the unserved Defendant: his name is Melvin Hartman, not Hardman, and Mr. Hartman is now deceased. (ECF No. 22). Plaintiff asks for another extension of time to serve Hartman's estate. Rule 4(m) allows the Court to extend the time to serve a defendant on a showing of good cause. The Court finds good cause here.

The September 19, 2024, report and recommendation is **RESCINDED** and the motion to extend is **GRANTED**.

The Court must substitute the deceased party for the representative. To do so, both Plaintiff and the Court must comply with Fed. R. Civ. P. 25(a). Under the rule, if a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. Rule 25(a)(1) permits a motion for substitution to be made "within 90 days after service of a statement noting the death[.]" The rule further provides that if such a motion is not timely filed, "the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). "Two steps are required for the 90-day period to commence. First, the suggestion of death must be made upon the record." *Jones v. Leiter*, 2019 WL 2994499, at *1 (W.D. Mich. July 9, 2019) (quoting *Jenkins v. Macatawa Bank Corp.*, 2007 WL 737746, at *1 (W.D. Mich. Mar. 7, 2007)). "Second, the suggestion of death must be served upon the other parties and the deceased's successor [and i]f the deceased's successor is a non-party, then the suggestion of death must be served in accordance with Rule 4." *Id.*

Plaintiff must file and serve a suggestion of death **within 14 days of this Order**. Plaintiff must also file a certificate of service proving the manner of service on the decedent's successor. Then, the 90-day clock will begin. If Plaintiff

does not file a motion for substitution within those 90 days, the undersigned will recommend that Hartman be dismissed without prejudice.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).

Date: December 5, 2024                    s/Curtis Ivy, Jr.
                                          Curtis Ivy, Jr.
                                          United States Magistrate Judge