UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER FERDINAND FORBES,

Plaintiff,

v.

MARY RAND, *Estate of Michael Rand, by and through its Personal Representative*,

Defendant.
______________________________/

Case No. 4:23-cv-13131

Hon. F. Kay Behm
United States District Judge

**OPINION AND ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S AUGUST 27, 2025 REPORT AND RECOMMENDATION (ECF No. 50) AND OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 51)**

## I. PROCEDURAL HISTORY

Plaintiff Walter Ferdinand Forbes filed this 42 U.S.C. § 1983 action against Michael Rand and the Estate of Melvin Hartman, two Jackson Police Department (JPD) detectives, alleging claims of *Brady* violations and fabrication of evidence under the Fourteenth Amendment, malicious prosecution under the Fourth and Fourteenth Amendments, and civil conspiracy. ECF No. 41, First Amended

Complaint. This matter was referred to the Magistrate Judge for all pretrial proceedings. ECF No. 6. On April 24, 2025, Defendant Rand filed a motion to dismiss. ECF No. 45. A default was subsequently entered against Hartman's estate, and following Rand's death, he was replaced by Mary Rand, the personal representative of his estate. ECF Nos. 48, 61.

On August 27, 2025, the Magistrate Judge Curtis Ivy, Jr. entered a Report and Recommendation (R&R) on Defendant's motion to dismiss, recommending that the motion be granted and the case dismissed. ECF No. 50. Plaintiff has filed objections to the R&R, Defendant has filed a response to Plaintiff's objections, and Plaintiff has filed an unauthorized reply. ECF Nos. 51, 52, 53.

For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections, **ACCEPTS** and **ADOPTS** the R&R regarding the motion to dismiss, and **GRANTS** Defendant's motion to dismiss (ECF No. 45).

## II. LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must

resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The filing of vague, general or conclusory objections to a magistrate judge's report and recommendation is tantamount to a complete failure to object. *Fields v. Lapeer 71–A Dist. Ct. Clerk*, 2 F. App'x 481, 482-83 (6th Cir. 2001); *see also Seals v. Seals*, 2014 WL 3592037, at *2 (W.D. Tenn. July 21, 2014) ("Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report. A general objection is considered the equivalent of failing to object entirely.")); *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir.

2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

Moreover, objections must be sufficiently clear so that the district court can "discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380 (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346. And when objections are "merely perfunctory responses…rehashing…the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's

objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

## III. ANALYSIS

The Court assumes familiarity with the facts as laid out in the R&R.

### A. Objection No. 1

Plaintiff's first objection is that Judge Ivy erred in dismissing Count One. Plaintiff makes three distinct objections under this umbrella.

First, Plaintiff argues that Judge Ivy's ruling directly conflicts with Sixth Circuit precedent because "availability of a witness does not undermine a *Brady* claim when the criminal suspect does not know the facts essential to properly question the witness and find the exculpatory or impeaching information." ECF No. 51, PageID.718 (quoting *Clark v. Abdallah*, 131 F.4th 432, 455 (6th Cir. 2025)). Plaintiff says that essential facts were withheld, namely, the fire inspector's investigative report, which stated that the building owner took out an insurance policy two months prior to the fire and that he was considered a "loan shark'"; that Gibson (a key witness, who has since changed her last

name to Kennebrew) and Graham (the arson victim's sister) were codefendants in a separate larceny charge; and Defendant Hartman's family connection to the victim's eldest daughter. *Id.*, PageID.719. Defendant responds that Judge Ivy correctly concluded that there was no *Brady* violation because defense counsel was aware of the insurance policy and the larceny charge and therefore could have inquired about both, and that Plaintiff cannot raise a new argument in his objections, specifically related to the Sixth Circuit's statement in *Clark*.

On this point, Judge Ivy concluded that "[e]nough information was presented at trial to allow Plaintiff's defense counsel to inquire about the timing of the insurance policy and Gibson's larceny charge and cooperation with the police." ECF No. 50, PageID.692. He reasoned

> Plaintiff alleged that the building owner testified about the insurance policy. So the existence of the policy was disclosed. It is unclear why defense counsel did not or could not have asked when that policy was purchased. And Plaintiff's counsel was aware of Gibson's larceny charge issued around the time she made her statement, yet counsel apparently did not inquire with Hartman or Gibson about, for instance, what kind of deal she got for testifying against Plaintiff.

*Id.*, PageID.692.

Although Plaintiff is correct that the Sixth Circuit in *Clark* explained that the availability of a witness would not undermine a

*Brady* claim where a criminal suspect does not know the facts essential to properly question a witness, he does not convincingly argue that this was the case here. "The crucial question is…whether the person on trial was aware of the essential facts from which the *Brady* material can be discovered." *Clark*, 131 F.4th at 456. Judge Ivy explained in the R&R that both the insurance policy and the larceny charge were discussed at the trial, and defense counsel at the time could have easily inquired about when the insurance policy was taken out and about any deal Gibson made related to her larceny charge. This conclusion was not in contravention of Sixth Circuit precedent. Plaintiff argues that although certain information related to the insurance policy and loans were disclosed to Plaintiff by trial, "the suppression of Fire Inspector Sexton's *entire report* stymied [his] ability to impeach David Jones." ECF No. 51, PageID.719. However, as discussed, he has not identified any information contained in the report that he could not have discovered. As such, Plaintiff's objection is **OVERRULED**.

Second, Plaintiff argues that Judge Ivy misapplied the Rule 12(b)(6) standard by failing to accept his factual allegations as true and by actively drawing inferences against him. ECF No. 51, PageID.720.

Plaintiff argues that "in finding that Defendant Rand could not be liable for the suppression of Hartman's familial relationship to the victim, [Judge Ivy] prognosticates that 'perhaps an officer would or could keep familial relationships secret from their coworkers.'" ECF No. 51, PageID.720 (quoting ECF No. 50, PageID.695). Defendant responds that Plaintiff does not even allege that he knew about this relationship, and even if he did, "the fact that Defendant Hartman had a familial relationship with the victim's daughter does not make it any more or less likely that Plaintiff, or anyone else for that matter, started the fire at issue in this case." ECF No. 52, PageID.758.

Plaintiff mischaracterizes the reasoning in the R&R. Judge Ivy did not draw an inference in favor of Defendant and recommend dismissal of the claim simply based on a possibility that Defendant did not know about the familial relationship between Hartman and the victim's daughter. Instead, the R&R explained that *Plaintiff did not allege* Defendant knew of the relationship, and Plaintiff's argument on that point—that it "strained credulity" to conclude that Defendant would not know about the relationship—was unconvincing. *See* ECF No. 50, PageID.694. In other words, Judge Ivy, applying the Rule

12(b)(6) standard, accepted Plaintiff's allegations as true, and concluded that "Plaintiff's failure to allege that Rand was aware of the relationship forecloses any liability for failing to disclose the relationship." *Id.* He did not, as Plaintiff argues, draw inferences against Plaintiff in so concluding. Plaintiff's objection on this point is therefore **OVERRULED**.

Finally, Plaintiff objects to four cases cited in the R&R, arguing that they do not address the *Brady* standard in the context of a § 1983 action, and are distinguishable for various reasons. ECF No. 51, PageID.720. Plaintiff does not explain how the use or non-use of each case would have changed the ultimate outcome of the R&R given the conclusions above, and the Court sees no reason to delve into the specific cases cited when the overall outcome would be the same. *See also J.A. v. Smith Cnty. Sch. Dist.*, 364 F. Supp. 3d 803, 812 (M.D. Tenn. 2019) (objections buried within a party's filing need not be considered by the court.). As such, Plaintiff's first objection is **OVERRULED** in its entirety.

**B. Objection No. 2**

Plaintiff's second objection is that Judge Ivy erred in dismissing Count Two. Specifically, Plaintiff argues that his conclusion that the allegations related to the fabrication of evidence claim were too conclusory was erroneous. Plaintiff recites his allegations as follows:

> Defendant Rand himself admits that Graham was waiting in "our" (i.e., Rand's and Hartman's) "office". And Defendant Rand personally oversaw Gibson's polygraph exam. This gives rise to a reasonable inference that Defendant Rand arranged to have Gibson talk to Graham (Gibson's criminal co-defendant), by stationing her in Defendant Rand's office, to procure Gibson's false statement, which Defendant Rand took.
>
> This inference is especially reasonable considering (1) Graham was the victim's sister, for whom there is a reasonable basis to infer retaliatory motive against Mr. Forbes; and (2) Graham was Gibson's criminal co-defendant, which supports a reasonable inference that she had motive to produce a witness in exchange for leniency. Indeed, Graham's charges were dismissed after facilitating Gibson's police statement. Moreover, Defendant Rand personally facilitated Gibson's relocation in exchange for this false statement…

ECF No. 51, PageID.726 (record citations omitted). Defendant argues that even taking these allegations as true, it is not reasonable to infer that Defendant was part of a scheme to get Gibson to testify untruthfully based on these facts. ECF No. 52, PageID.760.

Indeed, as Judge Ivy explained,

> Plaintiff's allegations are too conclusory to state a fabrication of evidence claim. He did not connect Rand with a knowing fabrication of false evidence from Gibson. Plaintiff offers only his suspicion that Rand helped get Gibson to lie because Gibson and Graham were allowed to speak at the police department, then Gibson lied about Plaintiff. Contrary to Plaintiff's argument, it is not reasonable to infer that Rand was part of a scheme to get Gibson to be untruthful based only on the fact that Gibson and victim's sister were permitted to speak at the police department.

ECF No. 50, PageID.696. Judge Ivy did not err in concluding that Plaintiff's allegations were too speculative to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Plaintiff's second objection is therefore **OVERRULED**.

### C. Objection Nos. 3 and 4

The next two objections flow from the conclusion that Judge Ivy erred in recommending dismissal of Count Two. Plaintiff's third objection is that Judge Ivy erred in finding that his malicious prosecution claim should be dismissed because he could not meet the first element, a conclusion that was based on the dismissal of his fabrication of evidence claim. ECF No. 51, PageID.727. Plaintiff's fourth objection is that Judge Ivy erred in concluding that his civil conspiracy claim should be dismissed as it was premised on the failure

of his other claims, and Plaintiff says this conclusion as to his other claims was erroneous. *Id.*, PageID.729. However, as discussed above, Judge Ivy properly recommended dismissal of Plaintiff's *Brady* violation and fabrication of evidence claims. Judge Ivy therefore did not err in recommending that Plaintiff's claim of malicious prosecution failed, and that failure of Plaintiff's civil conspiracy claim followed. Plaintiff also attempts to argue for the first time that his malicious prosecution claim should survive because Defendant "participated" in the decision to prosecute not only by fabricating evidence but by making material omissions to the prosecution and the court. ECF No. 52, PageID.762. But "[p]arties may not 'raise at the district court stage new arguments or issues that were not presented' *before* the magistrate judge's final R&R." *Austin v. Stapleton*, 628 F. Supp. 3d 702, 706 (E.D. Mich. 2022) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). These objections are **OVERRULED**.

### D. Objection No. 5

Finally, Plaintiff objects to Judge Ivy's recommendation because he did not state whether the dismissal would be with or without prejudice, and assuming he recommended dismissal with prejudice, this

was in error because the complaint could be saved by amendment. ECF No. 51, PageID.731. As Plaintiff's argument rests on evidence obtained while the motion to dismiss was being decided, Judge Ivy was not mistaken in recommending that Defendant's motion, which requested dismissal with prejudice, be granted on the allegations present in Plaintiff's complaint at the time. As such, this objection is **OVERRULED**.

However, on the fabrication of evidence claim, which affected the outcome of the malicious prosecution and civil conspiracy claims, Plaintiff points to evidence that was obtained during consideration of the motion to dismiss in the form of a sworn declaration from Kennebrew (formerly Gibson) admitting to "fabricating her testimony, in consultation with Graham (her criminal co-defendant), in exchange for leniency promised by Defendant Rand." *Id.*, PageID.726-727. As there is the possibility that the fabrication of evidence claim, and therefore the malicious prosecution and civil conspiracy claims, could be saved by amendment in light of this declaration, these claims will be dismissed without prejudice. *Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015) ("Dismissal with prejudice and without leave to amend

is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment.”). Plaintiff offers no explanation for how the *Brady* violation claims could be saved by amendment, however, and this claim will therefore be dismissed with prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Plaintiff’s objections, **ACCEPTS** and **ADOPTS** the R&R regarding the motion to dismiss, and **GRANTS** Defendant’s motion to dismiss (ECF No. 45). Count One is **DISMISSED WITH PREJUDICE**. However, given Plaintiff’s assertion that evidence was obtained that may affect the fabrication of evidence claims and those that followed, Counts Two, Three, and Four are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

Date: August 31, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge